[Cite as *Hill v. Dorger*, 2026-Ohio-2647.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JOHN M. HILL, et al., | : | |
| Appellees, | : | CASE NO. CA2025-04-033 |
| vs. | : | OPINION AND JUDGMENT ENTRY 7/13/2026 |
| JOSEPH DORGER, | : | |
| Appellant. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CVH 01111

Straus Troy Co., LPA, and James D. Houston and Alexa E. Wainscott, for appellees.

Ennis Britton Co., L.P.A., and J. Michael Fischer, for appellant.

## **O P I N I O N**

**BYRNE, J.**

{¶ 1} Joseph Dorger appeals a decision of the Clermont County Court of Common Pleas granting attorney fees to John M. Hill and John Hill Construction, LLC (collectively, "Hill"). For reasons discussed below, we affirm the trial court's decision.

## I. Factual and Procedural Background

{¶ 2}  On November 4, 2022, Dorger and Hill executed a written purchase agreement ("Agreement") for the sale of two lots in Milford, Ohio, with Dorger as the seller and Hill as the buyer. Shortly after entering into the Agreement, Dorger advised Hill that he was backing out of the Agreement. Upon learning of Dorger's intent to renege, Hill filed a complaint against Dorger claiming an anticipatory breach of contract. In response, Dorger filed an answer acknowledging that he entered into the Agreement, but arguing that a "mutual mistake" had since nullified the deal. To support this argument, Dorger alleged that the sale violated the City of Milford's zoning laws and that Milford rejected his attempt to have the lots replatted.

{¶ 3}  The matter ultimately came before the trial court for a bench trial on March 21, 2023. Following the trial, the trial court issued a decision in Hill's favor on the anticipatory-breach-of-contract claim and awarded specific performance to Hill on the Agreement. In so doing, the trial court rejected Dorger's "mutual mistake" argument and ordered Dorger to convey the property to Hill, finding that there were "multiple options for effectuating the parties' intent." Dorger appealed the trial court's decision but withdrew his appeal before this court issued a decision. *See Hill v. Dorger*, 12th Dist. No. CA2023-07-047 (Nov. 7, 2023) (Judgment Entry of Dismissal).

{¶ 4}  Shortly thereafter, Dorger filed a Civ.R. 60(B) motion for relief from judgment. To support this motion, Dorger argued that Milford denied his request to replat the lots to effectuate the sale of the property. He attached to the motion the two denial letters that he received from Milford. Following its review, the trial court denied Dorger's Civ.R. 60(B) motion and ordered Dorger to execute the necessary documents to complete the sale of the property. The trial court noted in its order that Dorger's failure to execute the sale of the property to Hill could result in the divestiture of Dorger's title in the land.

The trial court also noted that, pursuant to the parties' Agreement, it would be receptive to Hill filing a motion to recover attorneys' fees from Dorger.

{¶ 5} Dorger appealed the trial court's decision denying his Civ. R. 60(B) motion for relief from judgment. On appeal, this court affirmed the trial court's decision, finding it did not abuse its discretion in denying Dorger's motion when considering that Dorger "failed to present operative facts that would aid in a meritorious claim or defense." *Hill v. Dorger*, 2024-Ohio-2305, ¶ 19 (12th Dist.). In so holding, this court noted that Dorger's "arguments on appeal appear to be nothing more than another attempt to further delay resolution of this matter from an agreement that [he] has come to regret." *Id.* at ¶ 20. This court also noted that "[t]here is simply no valid reason why the terms of the agreement cannot be enforced to effectuate the sale of the [p]roperty through specific performance." *Id.*

{¶ 6} Upon the release of this court's decision, Hill filed a motion under Civ.R. 70 directing Dorger to convey the lots to Hill.[1] Hill also filed a motion requesting the trial court order Dorger to pay his attorney fees. The trial court granted both of Hill's motions. Dorger appealed the trial court's decision. But this court dismissed Dorger's appeal because it was not taken from a final, appealable order as "outstanding issues" remained in the action, namely, the determination of the specific amount that Dorger would be required to pay Hill as its reasonable attorney fees. *See Hill v. Dorger*, 12th Dist. No. CA2024-12-087 (Dec. 17, 2024) (Entry of Dismissal).

{¶ 7} On February 11, 2025, the trial court held a hearing to determine the specific

---

1. Civ.R. 70 states:

   If a judgment directs a party to execute a conveyance of land, to transfer title or possession of personal property, to deliver deeds or other documents, or to perform any other specific act, and the party fails to comply within the time specified, the court may, where necessary, direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party.

- 3 -

amount of Hill's attorney fees that Dorger would be required to pay. At the hearing, the court emphasized that the "hearing [was] for attorney fees" and not "to litigate the underlying case." After being so advised, Hill presented evidence of the attorney fees and charges that he had incurred. Dorger did not object to Hill's evidence. Dorger instead acknowledged that Hill's trial counsel's "hourly rate [was] certainly in the ballpark" and that "there's no way that [he] [could] . . . contest that." The trial court thereafter awarded $60,699.17 in attorney fees to Hill, noting that Dorger failed to object to Hill's evidence and instead raised other arguments unrelated to that determination. Dorger now appeals, raising two assignments of error for review.[2]

## II. Dorger's First Assignment of Error

{¶ 8} Dorger's first assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT UNDER THE CONTRACT TO PURCHASE THE REAL ESTATE INVOLVED IN THIS ACTION ENTERED INTO BY HILL AND DORGER, DORGER IS LIABLE FOR ATTORNEY FEES INCURRED BY HILL.

{¶ 9} In his first assignment of error, Dorger argues that the trial court erred in finding that he was liable for Hill's attorney fees. Specifically, Dorger contends that the trial court erred in finding that the Agreement allowed Hill to recover attorney fees incurred in this case because he "did not fail to vacate the premises" and because he "did everything he was supposed to do under the Purchase Agreement to effectuate the transfer of ownership of the involved real estate to Hill." We disagree.

---

2. Dorger raised two additional assignments of error in his reply brief. However, as it is now well established, "a reply brief may only be used to respond to, or rebut, the appellee's brief, and may not be used by an appellant to raise new assignments of error, *or new issues for review*." (Emphasis in original.) *Baker v. Meijer Stores Ltd. Partnership*, 2009-Ohio-4681, ¶ 17 (12th Dist.), citing App.R. 16(C). Therefore, given this well-established principle, we will forego consideration of the two additional assignments of error that Dorger set forth in his reply brief.

**A. The Applicable Principles of Contractual Interpretation**

{¶ 10} This assignment of error concerns the interpretation and construction of the contractual terms set forth in the Agreement. At issue is Section 20 of the Agreement, entitled "Possession and Occupancy," which provides, in relevant part, the following:

> [T]ime is of the essence. If [Dorger] fails to vacate as agreed, [Dorger] shall be responsible for all additional expenses, including attorney fees, incurred by [Hill] to take possession as a result of [Dorger's] failure to vacate.

{¶ 11} "The interpretation of contractual terms presents a question of law that we review de novo." *Harder Invests., LLC, v. Perin-Tyler Family Found., L.L.C.*, 2025-Ohio-4706, ¶ 20 (12th Dist.), citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 1995-Ohio-214, ¶ 6. "'[D]e novo means that this court uses the same standard that the trial court should have used.'" *Brock v. Servpro*, 2022-Ohio-158, ¶ 29 (12th Dist.), quoting *Nationwide Agribusiness Ins. Co. v. Heidler*, 2019-Ohio-4311, ¶ 71 (12th Dist.). "Therefore, when conducting a de novo review, this court independently reviews the trial court's decision without giving it any deference." *4WH, L.L.C. v. HWD Holdings, L.L.C.*, 2026-Ohio-2124, ¶ 48 (12th Dist.), citing *Baker v. Bunker Hill Haven Home*, 2024-Ohio-875, ¶ 9 (12th Dist.).

{¶ 12} "'The role of courts in examining contracts is to ascertain the intent of the parties.'" *Harder* at ¶ 21, quoting *St. Marys v. Auglaize Cty. Bd. Of Commrs.*, 2007-Ohio-5026, ¶ 18. "That intent manifests through the contract's language itself." *Harder* at ¶ 21, citing *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638 (1992). "This focus on the text requires an examination of the agreement holistically, interpreting each provision not in isolation but as part of an integrated whole." *Harder* at ¶ 21, citing *Foster Wheeler Envirespone, Inc. v. Franklin Cty. Convention Facilities Auth.*, 1997-Ohio-202, ¶ 37. "That is, a contract should be construed to give effect to all of its provisions." *Neyer*

*Holding II, Inc. v. Huang*, 2025-Ohio-1776, ¶ 48 (12th Dist.), citing *Pierce Point Cinema 10, L.L.C. v. Perin-Tyler Family Found., L.L.C., 2012-Ohio-5008,* ¶ 11 (12th Dist.).

{¶ 13} "'A contract that is, by its terms, clear and unambiguous requires no real interpretation or construction and will be given the effect called for by the plain language of the contract.'" *Neyer Holding II* at ¶ 49, quoting *Cooper v. Chateau Estate Homes, L.L.C.*, 2010-Ohio-5186, ¶ 12 (12th Dist.). "A contract is ambiguous if its provisions are susceptible to two or more reasonable interpretations." *Cooper* at ¶ 12, citing *Covington v. Lucia*, 2003-Ohio-346, ¶ 18. "Whether a contract's terms are clear or ambiguous is a question of law for the court." *Cooper* at ¶ 12, citing *Westfield Ins. Co. v. HULS Am., Inc.*, 128 Ohio App.3d 270, 291 (1998).

### B. Dorger's Argument and Analysis

{¶ 14} As previously stated, Dorger initially argues that the trial court erred in finding that the Agreement allowed Hill to recover attorney fees he incurred in this case because he (1) "did not fail to vacate the premises" and (2) "did everything he was supposed to" do in order to effectuate the sale of the property to Hill. Dorger's second argument undermines his first, however, as he readily admits in his second argument to having not vacated the property due to an alleged failure by Milford "to approve the transaction." Dorger cannot have it both ways; he either vacated the property or did not vacate the property.

{¶ 15} The Agreement's plain language makes Dorger responsible, without exception, for "all additional expenses, including attorney fees, incurred by [Hill] to take possession as a result of [Dorger's] failure to vacate." "When interpreting a contract, we may not insert words not found in the text." *Harder*, 2025-Ohio-4706, at ¶ 26 (12th Dist.), citing *LublinSussman Group L.L.P. V. Lee*, 2018-Ohio-666, ¶ 19 (6th Dist.). Therefore, given the Agreement's plain language, the trial court did not err in finding Dorger liable for

Hill's attorney fees that he incurred in this case, as Dorger failed to vacate. To the extent that Dorger argues otherwise, or to the extent that Dorger claims a good faith exception should apply, such arguments lack merit, as the plain language of the Agreement is void of such an exception.

{¶ 16} We note that Dorger's arguments presented in this appeal are yet another attempt to further delay resolution of this matter. Dorger has presented the same essential argument at every stage of these proceedings—that the transfer of the property to Hill was impossible given that Milford had rejected the replotting of the property—an argument that has failed each time in which it has been raised. We must therefore reiterate that, while Dorger may be dissatisfied with the terms of the Agreement he entered into, "it is well established that '[p]arties to contracts are presumed to have read and understood them and . . . a signatory is bound by a contract that he or she willingly signed.'" *Hill*, 2024-Ohio-2305, at ¶ 20 (12th Dist.), quoting *Hodge v. Callinan*, 2019-Ohio-1836, ¶ 25 (12th Dist.). Thus, Dorger's first assignment of error is overruled.

### III. Dorger's Second Assignment of Error

{¶ 17} Dorger's second assignment of error states:

> THE TRIAL COURT ERRED BY NOT FINDING THAT THE PURCHASE AGREEMENT INVOLVED IN THIS ACTION IS NOT ENFORCEABLE.

{¶ 18} In his second assignment of error, Dorger argues the trial court erred in not finding the Agreement to be unenforceable. To support this claim, Dorger argues that this court should follow "stare decisis" and apply our decision in *Ferguson Relators v. Butts*, 37 Ohio App.3d 30 (12th Dist. 1987), to the case at bar because it "is virtually on all fours" with this case. This is Dorger's fourth appeal, and his first attempt to argue that the Agreement is unenforceable pursuant to this court's decision in *Ferguson*. "It is well-settled that a party may not raise for the first time on appeal any issue or error that the

- 7 -

party could have called to the trial court's attention at a time when the trial court could have ruled on the issue, or corrected the error, or avoided the error altogether." *Webster v. G & J Kartway*, 2006-Ohio-881, ¶ 24 (12th Dist.), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982).

{¶ 19} And, even if we were to consider the merits of Dorger's argument, such an argument is moot given our prior holding in *Hill*, which found that "[t]here is simply no valid reason why the terms of the agreement cannot be enforced to effectuate the sale of the [p]roperty through specific performance." *Hill v. Dorger*, 2024-Ohio-2305, ¶ 20 (12th Dist.); *see also Western Environmental Corp. of Ohio v. Hardy Diagnostics*, 2024-Ohio-3051, ¶ 34 (12th Dist.), quoting *Sweitzer v. 56 Auto Sales*, 2023-Ohio-2997, ¶ 9 (12th Dist.) ("'An assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court.'"). Therefore, given these principles, Dorger's second assignment of error is also overruled.

## IV. Conclusion

{¶ 20} For the reasons outlined above, and finding no merit to either of Dorger's two assignments of error raised herein, Dorger's appeal challenging the trial court's decision to grant Hill's motion for attorney fees is denied.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

_____

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Matthew R. Byrne, Judge*

*/s/ Melena S. Siebert, Judge*